UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DRANOEL ENAJ BROWN,

                Petitioner,

v.

DEPARTMENT OF CORRECTIONS,

                Respondent.

Case No. C24-124-BHS-MLP

ORDER TO SHOW CAUSE

      Petitioner Dranoel Brown is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. He has submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. # 4-1.) Petitioner asserts in his petition that the Washington Department of Corrections ("DOC") imposed unlawful sanctions following his violation of the terms of his community custody. (*See id*.) In particular, Petitioner complains that the DOC sent him back to prison for 450 days when it only had the authority to recommend to the sentencing court that a 60-day sanction be imposed. (*See id*. at 3-4.) Petitioner appears to claim that the 450 days represents good time credit he earned while serving the custodial portion of his court-imposed sentence and that the DOC improperly revoked those credits based on his violation of his community custody. (*See* dkt. # 4-5.) Petitioner asks that this

ORDER TO SHOW CAUSE - 1

Court restore all his good time credit and that he be granted a new community custody violation hearing with a lawyer. (*See id*. at 10-11.)

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition for writ of habeas corpus is therefore properly construed as one brought pursuant to § 2254.

Federal habeas corpus relief is available only to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order to obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Petitioner does not allege in his federal habeas petition any violation of a federal constitutional right and, thus, he has not identified any cognizable claim for relief in his petition. Moreover, Petitioner makes clear in his petition that he has yet to fully exhaust his challenge to the sanction imposed by the DOC pursuant to which he is currently in custody. (Dkt. # 4-1 at

ORDER TO SHOW CAUSE - 2

3-5.) Petitioner acknowledges in his federal habeas petition that he currently has a personal restraint petition ("PRP") challenging the DOC's sanction pending in the Washington Court of Appeals. (*See id.*) He appears to complain, however, that his PRP has now been pending for ten months, and he has yet to receive an answer from the appellate court. (*Id.*) While Petitioner is understandably anxious to have the state appellate courts resolve his PRP, he is not entitled to review in this Court until the state court process is complete.

Accordingly, the Court hereby ORDERS as follows:

(1) Petitioner shall SHOW CAUSE, not later than **thirty (30) days** from the date on which this Order is signed, why his petition and this action should not be dismissed for failure to exhaust state court remedies. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2) The Clerk is directed to NOTE this matter on the Court's motion calendar for **March 22, 2024**, for review of Petitioner's response to this Order to Show Cause.

(3) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable Benjamin H. Settle.

Dated this 21st day of February, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3