UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DRANOEL ENAJ BROWN,<br><br>                    Petitioner,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>                    Respondent. | Case No. C24-124-BHS-MLP<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION

Petitioner Dranoel Brown is currently confined at the Washington State Penitentiary in Walla Walla, Washington. He has filed a petition for writ of habeas corpus challenging a sanction imposed by the Washington Department of Corrections ("DOC") following Petitioner's violation of the terms of his community custody.[1] (Dkt. # 6.) The petition has not been served. After careful review of the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed.

---

[1] Petitioner presented his petition to the Court as one invoking jurisdiction under 28 U.S.C. § 2241. (*See* dkt. # 6.) However, the Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). Petitioner's petition is therefore properly construed as one brought pursuant to § 2254.

REPORT AND RECOMMENDATION
PAGE - 1

## II.  DISCUSSION

Petitioner submitted his federal habeas petition to the Court for filing on January 20, 2024. (*See* dkt. # 1.) He asserted therein that following his violation of the terms of his community custody, the DOC sent him back to prison for 450 days when it only had the authority to recommend to the sentencing court that a 60-day sanction be imposed. (*See* dkt. # 6 at 3-4.) Petitioner appeared to claim that the 450 days represented good time credit he had earned while serving the custodial portions of sentences imposed in multiple cases dating back to 2009, and that the DOC improperly revoked those credits based on his violation of his community custody. (*See* dkt. # 6-2 at 1, 5-6.) Petitioner asked that this Court restore all his good time credit and that he be granted a new community custody violation hearing with a lawyer. (*See id*. at 10.)

After reviewing the petition, this Court determined that Petitioner had not alleged therein a viable claim for federal habeas relief. Thus, on February 21, 2024, the Court issued an Order directing Petitioner to show cause why this action should not be dismissed. (Dkt. # 7.) The Court identified therein two deficiencies in Petitioner's petition: (1) Petitioner failed to allege a violation of a federal constitutional right as is necessary to obtain federal habeas relief; and (2) Petitioner made clear that he had not exhausted his state court remedies, a prerequisite to seeking federal habeas relief. (*Id*. at 2-3.)

The Court specifically advised Petitioner in the Order to Show Cause that federal habeas corpus relief is available only to a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court further advised that in order to obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The Court explained that the exhaustion requirement is a matter of comity, intended to afford the state

courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). The Court also explained that in order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

On March 6, 2024, Petitioner filed a response to the Order to Show Cause, which primarily consists of a copy of the Washington Court of Appeals' order dismissing Petitioner's personal restraint petition challenging the revocation of his community custody. (*See* dkt. # 8.) Attached to the Court of Appeals' order was a cover page drafted by Petitioner explaining that his appeal had been denied and directing this Court to his habeas petition for details regarding why the DOC's sanction was improper. (*See id*.) Petitioner does not identify in his response any federal constitutional violation related to the DOC's imposition of the sanction he seeks to challenge here. The Court of Appeals' Order likewise does not demonstrate that Petitioner sought relief from the sanction on federal constitutional grounds in state court.

Moreover, even if Petitioner had identified a constitutional basis for his claim challenging the DOC's sanction in proceedings before the Washington Court of Appeals, the exhaustion requirement is not satisfied until the highest state court, here the Washington Supreme Court, has an opportunity to pass upon the claim. Nothing in the materials before this Court suggest that Petitioner has presented any claim, constitutional or otherwise, to the Washington Supreme Court relating to the sanction at issue here.

REPORT AND RECOMMENDATION
PAGE - 3

As Petitioner has not identified in either his petition or his response to the Order to Show Cause a federal constitutional claim, nor has he demonstrated that he has exhausted any claims relating to the DOC sanction he seeks to challenge here, his petition must be dismissed.

### III.    CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition, and this action, be dismissed without prejudice for failure to state a cognizable claim for relief under 28 U.S.C. § 2254.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **April 19, 2024**.

DATED this 28th day of March, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge